# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2015

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Gustafson, John P. | U.S. Bankruptcy Court, Ohio | 11/14/2016 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. Bankruptcy Judge - Active | ☐ Nomination Date ☐ Initial ☑ Annual ☐ Final | 01/01/2015 to 12/31/2015 |
| | 5b. ☑ Amended Report | |

**7. Chambers or Office Address**

United States Bankruptcy Court
James M. Ashley and Thomas W.L. Ashley U.S. Courthouse
1716 Spielbusch Avenue, Rm. 113
Toledo, Ohio 43604

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Member of the Board of Directors. | The NACTT Academy (01/24/2013 to 12/31/2015) non-profit educational 501(c)(3) |
| 2. | Trustee ▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇ |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gustafson, John P. | 11/14/2016 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Court | 05/13/2015 to 05/15/15 | Detroit, Michigan | Sixth Circuit Judicial Conference | Travel (mileage/parking), meals and hotel. |
| 2. | The NACTT Academy for Consumer Bankruptcy Education | 06/30/15 to 07/04/15 | Salt Lake City, Utah | Educational presentation at NACTT Conference. | Travel (mileage/parking), meals, hotel and attendance fee. |
| 3. | Federal Judicial Center | 08/05/15 to 08/07/15 | Washington, D.C. | Educational seminar for judges. | Travel (plane fare/taxis), meals, and hotel. |
| 4. | Court | 10/30/15 | Independence, Ohio | Bankruptcy Bench/ Bar Conference for the Northern District of Ohio | Travel (mileage). |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gustafson, John P. | 11/14/2016 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gustafson, John P. | 11/14/2016 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. IRA with Charles Schwab | | | | | | | | | |
| 2. - Research Frontiers, Inc. (Symb. 'REFR') common stock in IRA | | None | L | T | | | | | |
| 3. - Global Diversfd Inds. New (Restricted Shares) in IRA, prob. defunct | | None | J | W | | | | | |
| 4. - Vanguard 500 Index Fund (VFINX) in IRA. | A | Int./Div. | J | T | | | | | |
| 5. - Cash in IRA | A | Interest | M | T | | | | | |
| 6. Family Trust | | | | | | | | | |
| 7. - 1/3 interest in property in Cleveland Heights, Ohio | | None | | | Sold | 10/29/15 | M | A | Grace M. Carroll/Trust |
| 8. - Research Frontiers (symbol REFR) | | None | M | T | | | | | |
| 9. - China Continental Inc. (Symbol CHCL) - probably defunct | | None | J | W | | | | | |
| 10. - Global Diversified Ind. - probably defunct | | None | J | W | | | | | |
| 11. - The Majestic Companies, LTD - (Symbol MJXX) probably defunct | | None | J | W | | | | | |
| 12. - Unitrend, Inc. probably defunct. | | None | J | W | | | | | |
| 13. State Teachers Retirement System of Ohio Retirement Account. | | None | J | V | | | | | |
| 14. Wells Fargo Small Mid Cap Fund "SENAX" (UGMA acct.) | | None | | | Sold | 06/23/15 | J | C | Wells Fargo/UGMA Acct. Son |
| 15. Lot/structure in RV Resort, Zephyrhills, Pasco County, Florida. | C | Rent | L | W | Buy | 04/16/15 | L | | Raymond/Phyllis McDaniel |
| 16. Amfds Cap Wld Bd R3 (in former 401(k) acct.) | | None | | | Sold | 01/16/15 | K | A | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gustafson, John P. | 11/14/2016 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

In my initial disclosure, I listed Wells Fargo AVTG Growth-INV Fund in a UGMA account. At the time, I thought that was the only fund that had been held in the Wells Fargo account. The UGMA account was started about 20 years ago, upon the birth of our son. The investment was with "Strong Funds" in one mutual fund account. Strong Funds was purchased by Wells Fargo in 2004. Apparently, the single mutual fund account was split into two accounts. The Wells Fargo AVTG Growth-INV Fund was sold in 2013. I did not become aware of the existence of the second account, the Wells Fargo Small Mid Cap Fund, until early 2015. The fund was then sold. The gain listed was declared as my son's income.

State Teachers Retirement System of Ohio is from teaching one class for two years at the University of Toledo more than a decade ago. The amount is minimal, and I chose "other" as the basis for valuation because the statement from STRS does not provide any information other than an amount and I relied on the STRS statement.

Cash in IRA from rollover of former 401(k) Plan (from Chapter 13 Trusteeship).

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature:  s/ **John P. Gustafson**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544